UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                                                                (973) 645-4693
  BANKRUPTCY JUDGE                                                                                              Fax: (973) 645-2606

**NOT FOR PUBLICATION**

> **FILED**
> JAMES J. WALDRON, CLERK
>
> **JULY 26, 2006**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
> BY: s/ Ronnie Plasner, DEPUTY

July 26, 2006

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Harvey I. Marcus, Esq.
Park 80 West Plaza Two
Suite 200
Saddle Brook, New Jersey 07663
*Counsel for Debtors Ramon Cruz and Judith Cruz*

Patricia H. Delzotti, Esq.
Office of the United States Attorney
PD 1005
One Newark Center
Suite 1500
Newark, New Jersey 07102-5224
*Counsel for the United States of America*

**Re:**   *In re Cruz*
          **Case No. 05-45916 (DHS)**

Dear Counsel:

Page 2
July 26, 2006

Before the Court is a motion filed by the Debtors, Ramon and Judith Cruz, seeking to enforce the automatic stay against the Department of Treasury, Internal Revenue Service. The motion is opposed by the United States of America on behalf of the Internal Revenue Service. For the following reasons, the motion is hereby denied.

It must be first noted that the Debtors did not file a legal memorandum in support of their motion. The motion is simply supported by a certification containing only two paragraphs, which provide as follows:

> 1. I am the attorney for the Debtor(s) in possession in the within matter and as such am fully familiar with the facts set forth herein.
>
> 2. Internal Revenue Service has violated the Automatic Stay provisions by mailing to the Debtor(s) its form letter 1714, alleging failure to file tax returns and requiring Debtor(s) to respond to IRS, and stating "If we do not receive the requested information within 14 days of the date of this letter, we may request a motion to covert or dismiss your bankruptcy," and further requesting that the Debtor(s) communicate with it directly.

[(*See Certification of Harvey I. Marcus, Esq. in Support of Notice of Motion by Debtor(s) to Enforce Automatic Stay*, ¶¶ 1 - 2) (hereinafter "*Marcus Cert.*")].

The Debtors filed their Chapter 13 bankruptcy petition on October 9, 2005. At some point after the bankruptcy filing, the Internal Revenue Service mailed its form letter 1714 to the Debtors, which provides as follows:

> Debtor:
>
> Case Number:
>
> Please send the tax return(s) completed and signed to the address below within 14 days of the date of this letter.
>
> If you have already filed the return(s), or if you are not required to file, please complete the following information, sign and date in the provided area, and return this form to the address below.

Page 3
July 26, 2006

<u>FORM #</u>     <u>PERIOD ENDING</u>     <u>REASON YOU ARE NOT REQUIRED TO FILE</u>

To the best of my knowledge, the information above shown is true and correct.

_____
Signature

_____
Date

*If we do not receive the requested information within 14 days of the date of this letter, we may request a motion to convert or dismiss your bankruptcy.*

If you have any questions, please contact the individual shown on the first page of this letter at the telephone number provided or you may direct your correspondence to the following address:

Internal Revenue Service
Internal Revenue Service
955 South Springfield Ave, Bldg A
Springfield, New Jersey 07081

Thank you for your cooperation.

[(*Marcus Cert.*, Exhibit "1") (emphasis added)].

In short, the Debtors' counsel contends that the italicized sentence in the Internal Revenue Service's form letter 1714 violates § 362 of the Bankruptcy Code. In opposing the motion, the Internal Revenue Service submits that § 362(b)(9) of the Bankruptcy Code "clearly states that the demand for tax returns by a governmental unit is not a violation of the automatic stay."

Against this straightforward background, the Court must determine whether Internal Revenue Service form letter 1714, as worded, violates § 362 of the Bankruptcy Code.

Page 4
July 26, 2006

Section 362 of the Bankruptcy Code provides for an "automatic stay" upon the filing of a petition for relief under the Code. Without question, the automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. *In re Perrin*, 233 B.R. 71, 74 (Bankr. D.N.J. 1999) (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 174 (1977)); *Dennison v. Davis (In re Dennison)*, 321 B.R. 378, 382 (Bankr. D. Conn. 2005). "'It gives the debtor a breathing spell from his [or her] creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor . . . to be relieved of the financial pressures that drove him [or her] into bankruptcy.'" *Id.* (citation omitted). At its essence, "[t]he purpose of the automatic stay provision is to afford the debtor a 'breathing spell' *by halting the collection process*." *In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994) (emphasis added). Generally, the automatic stay imposed by § 362 of the Code prevents entities from taking any action to commence or continue a proceeding to *collect* a pre-petition debt, interfere with property of the estate or interfere with property of the debtor. *In re Margulis*, 323 B.R. 130, 133 (Bankr. S.D.N.Y. 2005) (emphasis added). *See also In re Henry*, 328 B.R. 664, 667 (Bankr. E.D.N.Y. 2005) ("Section 362(a) of the Bankruptcy Code provides an automatic stay of litigation, lien enforcement and other actions that are attempts to *collect* pre-petition claims") (emphasis added); *Taylor v. Slick*, 178 F.3d 698, 702 (3d Cir. 1999) (noting that the primary purposes of the automatic stay provisions are to effectively stop all creditor collection efforts, stop all harassment of a debtor seeking relief, and to maintain the status quo between the debtor and his or her creditors), *cert. denied*, 528 U.S. 1079, 120 S. Ct. 797, 145 L. Ed. 2d 672 (2000).

In particular, § 362(a) of the Bankruptcy Code provides as follows:[1]

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, . . . operates as a stay, applicable to all entities, of –
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this

---

[1] Because the Debtors filed their bankruptcy petition prior to October 17, 2005, the Court is guided by § 362 as it existed before the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA").

Page 5
July 26, 2006

>title;
>
>(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
>(4) any act to create, perfect, or enforce any lien against property of the estate;
>
>(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
>(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
>(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
>
>(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

[11 U.S.C.A. § 362(a) (West 2005)].

It is clear "coercive, threatening, or harassing statements made by creditors to bankruptcy debtors can violate the automatic stay." *Jennings v. Town of Greene (In re Jennings)*, 304 B.R. 8, 11 (Bankr. D. Me. 2004) (citing *Diamond v. Premier Capital, Inc. (In re Diamond)*, 346 F.3d 224, 227-28 (1st Cir. 2003). When deciding whether coercive, threatening or harassing statements made by creditors to bankruptcy debtors violate the automatic stay, at least one court has noted that the court must account for the immediateness of any threatened action and the context in which the statement is made. *Id.* at 13 (citation omitted).

In turn, § 362(b) of the Bankruptcy Code contains a list of exceptions to the automatic stay. *See generally* 11 U.S.C.A. § 362(b) (West 2005). In particular, § 362(b)(9) provides that the filing of a bankruptcy petition does not operate as an automatic stay of the following types of conduct:

>(A) an audit by a governmental unit to determine tax liability;
>
>(B) the issuance to the debtor by a governmental unit of a notice of tax deficiency;
>
>(C) a demand for tax returns; or

Page 6
July 26, 2006

>   (D) the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason of such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceeds are transferred out of the estate to, or otherwise revested in, the debtor).

>   [11 U.S.C.A. § 362(b)(9) (West 2005)].

Here, both parties agree that it is not a violation of the automatic stay for a governmental unit, including the Internal Revenue Service, to demand the production of tax returns pursuant to § 362(b)(9). As previously indicated, however, the Debtors contend the language contained in form letter 1714, namely, "[i]f we [the Internal Revenue Service] do not receive the requested information within 14 days of the date of this letter, we may request a motion to convert or dismiss your bankruptcy," is a threat that violates § 362 of the Code. This Court appreciates the Debtors' concern and acknowledges the language may be considered threatening to some. However, the Court does not agree with the Debtors' position. While the foregoing statement is unequivocally a threat made to the Debtors by the Internal Revenue Service, the statement is not prohibited by the automatic stay *precisely because the statement was not made to collect a pre-petition debt (i.e., delinquent taxes), interfere with property of the estate or interfere with property of the debtor.* As the Internal Revenue Service correctly contends in its opposition to the motion, "[t]he Service has not undertaken any collection activity against the Debtors." Rather, the Internal Revenue Service is seeking *the production of the Debtors' tax returns*, and, albeit in an offensive manner, describes the remedies it may seek should the Debtors fail to produce the requested tax returns. Stated differently, the statement made by the Internal Revenue Service in form letter 1714 *does not* constitute any of the acts or conduct prohibited by § 362(a)(1), (2), (3), (4), (5), (6), (7), or (8). The Internal Revenue Service is clearly *not* attempting to collect a pre-petition debt, enforce a pre-petition judgment against the Debtors, obtain possession or control of property of the estate, create or perfect a lien against property of the estate, recover a claim against the Debtors, setoff a pre-petition debt, or continue a proceeding before the United States Tax Court. Thus, it does not constitute a violation of the automatic stay.

Page 7
July 26, 2006

   Based upon this conclusion, the motion filed by the Debtors seeking the enforcement of the automatic stay is hereby denied. An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

                Very truly yours,

              **s/ Donald H. Steckroth**

               DONALD H. STECKROTH
               UNITED STATES BANKRUPTCY JUDGE

Enclosure